# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE, )
)
v. ) ID No. 1805010726
)
JOSH A. PERRY, )
)
Defendant. )

Date Submitted:  March 16, 2020
Date Decided:   July 20, 2020

## ORDER

Upon consideration of Defendant's Motion for Modification of Sentence ("Motion"), Superior Court Criminal Rule 35, statutory and decisional law, and the record in this case, **IT APPEARS THAT:**

1.      On January 16, 2019, Defendant pled guilty to two counts of Robbery Second Degree and Attempted Robbery Second Degree.[1]  By Order dated May 10, 2019,[2] effective May 16, 2018, Defendant was sentenced as follows:  for Robbery Second Degree, IN18-05-1206, 5 years at Level V with credit for 45 days previously served, suspended after 15 months for 6 months at Level IV (DOC Discretion), followed by 1 year at supervision Level III;  for Robbery Second Degree, IN18-05-1211, 5 years at Level 5, suspended 15 months for 1 year at supervision Level III;

---

[1] D.I. 11.

[2] D.I. 14.  (Corrected Sentence Order signed and filed on July 23, 2019).  The Sentence Order was corrected to reflect that the Level IV portion of Defendant's sentence for Robbery Second Degree, IN18-05-1206, is to be served at DOC Discretion.  All other terms and conditions previously imposed remained the same.

and for Attempted Robbery Second Degree, IN18-05-1207, 5 years at Level V, suspended after 15 months for 1 year at supervision Level III.[3]

2. On March 16, 2020, Defendant filed the instant Motion, asking the Court to suspend 6 months from his remaining Level V time upon successful completion of the Key North Program.[4] In support of his Motion, Defendant cites: (1) his successful completion of rehabilitative programs while incarcerated; (2) pending employment upon release; and (3) his desire to obtain a certification in substance abuse counseling so that he may volunteer at rehabilitation and detox facilities.[5]

3. Superior Court Criminal Rule 35 governs motions for modification of sentence. "Under Rule 35(b), a motion for sentence modification must be filed within ninety days of sentencing, absent a showing of 'extraordinary circumstances.'"[6]

4. Defendant filed this Motion more than 90 days after the imposition of his sentence, therefore it is time-barred under Rule 35(b).

5. The Court will consider an application made more than 90 days after

---

[3] All probation is concurrent.

[4] D.I. 16.

[5] *Id.*

[6] *Croll v. State*, 2020 WL 1909193, at *1 (Del. Apr. 17, 2020) (TABLE) (affirming the Superior Court's denial of a motion for modification of sentence where the motion was repetitive and filed beyond the 90-day limit); *see Hewett v. State*, 2014 WL 5020251, at *1 (Del. Oct. 7, 2014) ("When a motion for reduction of sentence is filed within ninety days of sentencing, the Superior Court has broad discretion to decide whether to alter its judgment.").

the imposition of sentence only in "extraordinary circumstances," or pursuant to 11 *Del. C.* § 4217. Delaware law places a heavy burden on the moving party to establish extraordinary circumstances in order to "uphold the finality of sentences."[7] "Extraordinary circumstances" excusing an untimely Rule 35(b) motion are circumstances that "specifically justify the delay, are entirely beyond a petitioner's control, and have prevented the applicant from seeking the remedy on a timely basis."[8] Mitigating factors that could have been presented at sentence, exemplary conduct, or successful rehabilitation while incarcerated does not constitute "extraordinary circumstances."[9]

6. The Court does not find Defendant has established the existence of any "extraordinary circumstances" in his Motion. Furthermore, the DOC has not submitted an application pursuant to 11 *Del. C.* § 4217.

7. The Court finds that Defendant's sentences are appropriate for all the reasons stated at the time of sentencing.[10] No additional information has been provided to the Court that would warrant a modification of these sentences.

---

[7] *State v. Diaz*, 2015 WL 1741768, at *2 (Del. Apr. 15, 2015).

[8] *State v. Culp*, 152 A.3d 141, 145 (Del. 2016) (internal quotations omitted) (quoting *Diaz*, 2015 WL 1741768, at *2).

[9] *See id.* at 145–46 (recognizing that participation in educational and rehabilitative prison programs is commendable, but does not by itself constitute "extraordinary circumstances" for purposes of Rule 35(b)).

[10] *See* D.I. 14. The sentences at issue take into account the following aggravating factors: (1) Defendant's criminal history which includes Felony Theft, Burglary Second Degree, Theft of a Senior, Drug Possession, and Conspiracy Second Degree; and (2) Defendant's multiple violations of probation.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendant's

Motion for Modification of Sentence is **DENIED.**


*Jan R. Jurden*

Jan R. Jurden, President Judge


Original to Prothonotary:
cc:    Josh A. Perry (SBI# 00547662)
       Annemarie H. Puit, DAG